## S08Y0851. IN THE MATTER OF DONAHUE SCOTT SILVIS.
(663 SE2d 141)

PER CURIAM.

In this disciplinary matter Donahue Scott Silvis failed to file a Notice of Rejection to the Notice of Discipline, despite having acknowledged service. Therefore, Silvis is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The admitted facts show that Silvis represented a client in a Chapter 11 bankruptcy case; the client paid Silvis $8,000; Silvis received a $20,000 settlement payment from Wachovia Bank in the bankruptcy case; after the case was converted to a Chapter 7, the Trustee demanded that Silvis account for all property of the estate, including the $28,000; Silvis did not produce an accounting and did not turn over the estate's property or records; Silvis failed to respond

to notices or attend hearings in the bankruptcy case and failed to comply with court orders directing that he turn over money, property and records to the Trustee; and after being arrested on a bench warrant, Silvis appeared for a hearing on a citation for contempt in the bankruptcy case and stated that personal problems were the reason for his failure to respond and that he was no longer in possession of the $28,000. In aggravation, the State Bar notes that Silvis failed to respond to two notices of investigation, failed to file any response with the Investigative Panel, and that his actions constitute willful and dishonest conduct lasting over two years.

Based on these facts, the Investigative Panel found violations of Rules 1.15 (I-III), 1.2 (a), 1.3, 1.5, 1.7, 3.2, 8.4 (a) (4), and 9.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. The maximum sanction for most of these violations is disbarment.

Having reviewed the record we agree that disbarment is the appropriate sanction in this case. It is hereby ordered that the name of Donahue Scott Silvis be removed from the rolls of persons authorized to practice law in the State of Georgia. Silvis is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JUNE 2, 2008.

*William P. Smith III, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.